UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:10-cr-16 |
| v. ) | |
| ) | Judge Mattice |
| JACKIE C. CAMPBELL ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendant Jackie Campbell's Objection to Report and Recommendation [Court Doc. 25].

Defendant filed his Motion to Suppress [Court Doc. 17] which was referred to Magistrate Judge Susan K. Lee. [Court Doc. 18]. Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress and issued her Report and Recommendation which recommended that Defendant's motion be denied [Court Doc. 24]. Defendant timely filed an objection to Magistrate Judge Lee's R&R and the Government timely responded [Court Docs. 25 & 26].

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's R&R and will **DENY** Defendant's Motion to Suppress.

### I.    STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations 28 U.S.C. § 636(b)(1)(C).

## II.   FACTS

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on May 11, 2010, during which Officer Jason Duggan of the Chattanooga Police Department testified for the Government. In her R&R, Magistrate Judge Lee recounted at some length the facts developed at the evidentiary hearing. (Court Doc. 24, R&R at 1-5). Defendant has not objected to the facts as outlined in Magistrate Judge Lee's R&R. Instead, the objections focus on the legal conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's R&R. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## III.   ANALYSIS

Defendant was charged in a one-count Indictment based on narcotics evidence procured during a traffic stop on January 20, 2010. (Court Doc. 8.) Defendant objects to Magistrate Judge Lee's conclusion that Officer Duggan had reasonable suspicion to detain Defendant beyond the completion of the traffic stop. Essentially, Defendant argues that the factors relied upon by Officer Duggan to support reasonable suspicion, even considered together, are not sufficient to justify Defendant's prolonged detention. (Court Doc. 25, Def.'s Objs. at 2.)

In the R&R, Magistrate Judge Lee found that Officer Duggan diligently pursued the purpose of the traffic stop until 9:17, which was approximately 12 minutes into the stop. (R&R at 8.) Although Magistrate Judge Lee noted that it was impossible to tell when the citation was issued to Defendant, Magistrate Judge Lee also found that by the time that

occurred, Officer Duggan had sufficient reasonable suspicion to prolong the stop. (*Id.* at 9.)

Magistrate Judge Lee referenced five facts that supported Officer Duggan's suspicion. (*Id.*) First, there was a strong odor of air fresheners in Defendant's vehicle, which could not have been attributed to the two air freshener trees hanging in the window, and Officer Duggan testified that air fresheners are often used to mask narcotic odor. (*Id.*) Moreover, Defendant rolled down the windows when Officer Duggan made a comment about how good the car smelled. (*Id.*) Second, Defendant was nervous and visibly shaking, which Officer Duggan thought was abnormal for a traffic violation. (*Id.* at 9-10.) Third, even though Defendant was very nervous, he already had his registration and insurance information available to hand to Officer Duggan. (*Id.* at 10.) Fourth, Officer Duggan learned from the records checks that Defendant fled from cops in Tennessee when he was previously transporting five pounds of marijuana. (*Id.*) Officer Duggan also learned that Defendant had been convicted of two felonies, was a multi-state offender, and had been charged with weapons and drug crimes. (*Id.*) Finally, Defendant was taking the same route he took when he had previously transported marijuana and fled from police. (*Id.*)

Defendant claims that these factors are all relatively innocent and not strong indicators of criminal activity, even when considered in the aggregate. (Def.'s Objs. at 2.) Defendant reviews each factor separately to point out its innocence, focusing on the air fresheners, Defendant's nervousness, and Defendant's cooperativeness as weak factors which are not indicative of criminal activity. (*Id.* at 2-3.) Defendant argues that these weak

factors require other, stronger factors to bolster them to the level of reasonable suspicion, and that such factors are not present in this case. (*Id.* at 3.) Defendant acknowledges that his prior convictions might be considered a strong factor, but contends that Officer Duggan did not have sufficient information about these convictions - such as time, resolution, or seriousness - to attribute much weight to this factor. (*Id.* at 3-4.)

"Once the purpose of the traffic stop is completed, a police officer may not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention." *United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008) (citations and internal quotations omitted). At issue, then, is the propriety of the time from the end of the traffic stop–which is somewhat unknown in this case–until probable cause arose to search Defendant's vehicle. "To detain the motorist any longer than is reasonably necessary to issue the traffic citation . . . the officer must have reasonable suspicion that the individual has engaged in more extensive criminal conduct." *United States v. Townsend*, 305 F.3d 537, 541 (6th Cir. 2002). Magistrate Judge Lee acknowledged that this stop was somewhat difficult to analyze under this framework because it was impossible to say when the traffic stop was complete. (R&R at 8.) Magistrate Judge Lee determined, however, that it was unnecessary to speculate as to whether Defendant's challenge to the prolongation of the stop occurred before or after the citation was issued because Officer Duggan had reasonable suspicion to support investigation either way. (*Id.*) Magistrate Judge Lee found that Officer Duggan diligently pursued the purpose of the stop until 9:17, when the records check was complete, and that he had sufficient reasonable suspicion by that time to

investigate further. (*Id.* at 8-9.)

After reviewing the evidence, the Court agrees with Magistrate Judge Lee's conclusion that Defendant was properly detained outside the time of the actual traffic stop because Office Duggan had a "reasonable and articulable suspicion that criminal activity was afoot." *Townsend*, 305 F.3d at 541 (citation omitted). The five factors noted by Magistrate Judge Lee are, in the aggregate, sufficient to support reasonable suspicion. It appears that Officer Duggan was immediately suspicious due to the first three factors–the unusually strong smell of air fresheners, Defendant's nervousness, and the fact that Defendant already had the registration and insurance information out and ready to hand to him–but these factors alone might not have been entirely sufficient to support reasonable suspicion.

By the time that Officer Duggan completed the records checks, however, he had received additional information that bolstered these initial suspicions–that Defendant had previously fled from police in Tennessee while transporting a significant amount of marijuana, Defendant's prior felony convictions and criminal charges involving weapons and significant amounts of drugs, and the fact that Defendant's route was the same one he previously took to transport marijuana. In addition, according to Officer Duggan's testimony, although he took steps to allay Defendant's nervousness, Defendant remained visibly nervous for much of the time before the records checks were complete. While one of these five factors viewed in isolation might not be sufficient, the factors taken together are certainly adequate to support a reasonable suspicion that Defendant was engaged in criminal activity.

Finally, the Court notes that the drug dog, Red, began his sniff of Defendant's

vehicle at 9:21, only four minutes after Officer Duggan finished the records check, had learned of Defendant's past convictions, and had reasonable suspicion that Defendant was engaged in criminal activity. Although the full search of the car took a significant amount of time due to the locked glove box, probable cause arose to search the vehicle in a relatively short time after the records check was complete because Red alerted on the driver's side of the vehicle soon after he was deployed.

Accordingly, the Court agrees with Magistrate Judge Lee's conclusion that the length of detention beyond the traffic stop did not violate the Fourth Amendment.

## IV. CONCLUSION

For the reasons explained above, the Court **ORDERS** that Defendant's Objections [Court Doc. 25] are **OVERRULED**, that Magistrate Judge Lee's R&R [Court Doc. 24] is **ACCEPTED and ADOPTED** in its entirety, and that Defendant's Motion to Suppress [Court Doc. 17] is **DENIED**.

**SO ORDERED** this 19th day of July, 2010.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE